**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

SHAKUR ASSAD MANSA BEY, *et al.*,

           Plaintiffs,

vs.

CLARK COUNTRY CHILD SUPPORT DIVISON, *et al.*,

           Defendants.

Case No. 2:15–cv–1719–APG–VCF

**ORDER AND**
**REPORT & RECOMMENDATION**

APPLICATION TO PROCEED IN FORMA PAUPERIS (#1)
COMPLAINT (#1-1)

This matter involves *pro se* Plaintiffs Jonathan David Wood and Shakur Assad Mansa Bey's civil action against Clark County Child Support Division and Deputy District Attorney Steven B. Wolfson. Before the court is Mr. Bey's Application to Proceed *in Forma Pauperis* (#1) and Complaint (#1-1). For the reasons stated below, Mr. Bey's Application to Proceed *in Forma Pauperis* (#1) is granted and his Complaint (#1-1) should be dismissed.

**I.**     ***In Forma Pauperis* Applications**

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information

1

submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

Here, Mr. Bey's Application to Proceed *In Forma Pauperis* states that he is unemployed, has no money in a checking or savings account, and no other source of income. Accordingly, his Application to Proceed *In Forma Pauperis* is granted.

**II.     Mr. Bey's Complaint Should be Dismissed**

Upon granting a request to proceed *in forma pauperis*, a court must screen a complaint pursuant to section 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 § 1915(e)(2).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying this standard, Mr. Bey's complaint should be dismissed as frivolous because it is "wholly incredible." The complaint purports to remove an action from municipal court and states one cause of action involving the payment of child support. Mr. Bey's "cause of action" alleges that Clark County wrongfully prosecuted him for child support, in part, because it set his name in all capital letters, which "is clearly (an artificial – person / entity)" [and] is not me, the Natural Person." (Compl. (#1-1) at 3). Mr. Bey alleges that this violated his rights and international law because the improper typeface represents an "intended injury to me; and is clearly not of consanguine relationship to me or to my nationality, in any form, or manner,; nor to my Moorish Family Bloodline." (*Id.*)

To support this claim, Mr. Bey cites, *inter alia*, the Treaty of Peace and Friendship between Morocco and the United States, the Articles of Confederation, the Fourth Amendment, and Article 15 of the Declaration of Human Rights. (*Id*. at 2–5). He also complains that "[i]t is a sin for any group of people to violate the Constitutional Laws of a Free National Government." (*Id*. at 5). Section 1915(e) requires the court to dismiss this action.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court filed the complaint (#1-1).

IT IS RECOMMENDED that Plaintiff's complaint (#1-1) be DISMISSED with prejudice.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 11th day of September, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE